UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHLEEN STAUGAENO,

    Plaintiff,

v.

FLATROCK, INC.,

    Defendant.
_____/

Civil Case No. 20-13329
Honorable Linda V. Parker

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND COMPEL ARBITRATION

Plaintiff filed this lawsuit claiming that Defendant terminated her employment in violation of the Michigan Whistleblowers' Protection Act ("WPA") after she promised to report, and then reported, alleged wrongful conduct at Defendant's residential care facilities where she worked. Plaintiff further claims that Defendant failed to notify her of her right to continued health benefits after her termination in violation of the Consolidated Omnibus Budget Reconciliation Act ("COBRA") and refused to provide her with her personnel file in violation of Michigan's Bullard-Plawecki Employee Right to Know Act ("Bullard-Plawecki Act").

Asserting that Plaintiff's claims are subject to arbitration pursuant to the terms of her employment application, Defendant asks the Court to compel Plaintiff

to arbitrate those claims and dismiss this lawsuit. (ECF No. 3.) Defendant's motion has been fully briefed (ECF Nos. 5, 7.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Factual Background

Plaintiff is a clinical psychologist, who Defendant hired to work at its residential care facilities on or about June 1, 2020. (Compl. ¶¶ 7, 8, ECF No. 1 at Pg ID 2.) The employment application Plaintiff signed when she applied for the position with Defendant provided, in relevant part:

> 6. I understand and agree that, in the event a dispute arises concerning my employment with and/or termination from the Company, the sole and exclusive method for resolving such disputes including, with limitation, any alleged wrongful acts on the part of the Company, its affiliates, directors, shareholders, agents, members, partners, officers or employees, claims of breach of contract, wrongful discharge, retaliation . . .. and/or any statutory claim including, without limitation, . . . Whistle Blowers Protection Act, Bullard-Plawecki Employee Right to Know Act … shall be through the procedures and powers of the American Arbitration Association; thereby waiving my right to adjudicate these claims in a judicial forum. . . . This Agreement applies to all claims whether I become employed by the Company, whether brought during my employment with the Company or at any time before or after termination of employment with the Company.

2

(Appl. ¶ 6, ECF No. 3-2 at Pg ID 29-30.)  Plaintiff signed the application on June 1, 2020.  (*Id.* at Pg ID 30.)

On September 24, 2020, Plaintiff informed agents of Defendant, in writing, that she intended to report to authorities the suspected abuse of two of its residents. (Compl. ¶ 11, ECF No. 1 at Pg ID 3.)  Plaintiff believed she was required to report this abuse.  (*Id.*)  Plaintiff in fact immediately filed complaints with the Michigan Department of Health and Human Services Office of Recipient Rights ("MDHHS-ORR") in Monroe County and Livingston County.  (*Id.* ¶ 12, Pg ID 3.)

Defendant terminated Plaintiff's employment on September 25, based on allegations regarding her record keeping.  (*Id.* ¶ 13, Pg ID 3.)  Defendant thereafter failed to advise Plaintiff of her rights to continued health insurance benefits.  (*Id.* ¶ 15, Pg ID 3.)  Defendant also failed to provide Plaintiff with a copy of her personnel file when she requested it.  (*Id.* ¶ 25, Pg ID 5.)

## Defendant's Motion and Plaintiff's Response

Defendant asks the Court to dismiss this lawsuit and compel Plaintiff to arbitrate her claims as, Defendant argues, her employment application requires. Plaintiff does not dispute that she signed the application.  She argues, however, that the Bullard-Plawecki Act bars Defendant from enforcing its arbitration provision because Defendant refused to provide her with a copy of her personnel

3

file and therefore her employment application.  Plaintiff further argues that her COBRA claim is not subject to arbitration.

## Applicable Law and Analysis

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, provides that:

> [a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable.

When considering a motion to compel arbitration under the FAA, the court has four tasks: (1) to determine whether the parties agreed to arbitrate; (2) to determine the scope of any agreement to arbitrate; (3) if federal statutory claims are asserted, decide whether Congress intended those claims to be nonarbitrable; and (4) if some of the claims fall outside the scope of the arbitration agreement, decide whether to stay the remaining proceedings pending arbitration.  *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Plaintiff does not dispute that she agreed to arbitrate certain claims or that the scope of the arbitration provision encompasses her WPA and Bullard-Plawecki Act claims.  Plaintiff does argue, however, that the agreement is unenforceable due to Defendant's failure to produce her personnel file allegedly in violation of the Bullard-Plawecki Act, Michigan Compiled Laws §§ 423.502, .503.  Section 423.503 requires an employer, upon written request, to allow an employee the

4

opportunity to periodically review his or her personnel record. Section 423.502 prohibits an employer from using in any judicial or quasi-judicial proceeding "[personnel record information which was not included in the personnel record but should have been as required by th[e] act" unless the information "was not intentionally excluded" and "the employee agrees or has been given a reasonable time to review the information." Mich. Comp. Laws § 423.502

Plaintiff admittedly found no case law enforcing the sanctions provision of the Bullard-Plawecki Act, but she refers to a summary of the provision by the Honorable David Lawson in *Burke v. Health Plus of Mich., Inc.*, No. 01-10335, 2003 WL 102800, at *8 (E.D. Mich. 2003). (Resp. at 4, ECF No. 5 at Pg ID 87.) Further in his decision, however, Judge Lawson discusses *Beauchamp v. Great West Life Assurance Company*, 918 F. Supp. 1091 (E.D. Mich. 1996), where "another judge in th[e] district found that the defendant was not barred from using in evidence a form [from the plaintiff's personnel file] that had not been produced . . . because the form had not been intentionally withheld, the plaintiff was aware of the document's existence, and the form was produced to the plaintiff when the defendant filed [a] motion to compel arbitration." *Burke*, 2003 WL 102800, at *8; *see also Sande v. Masco Corp.*, No. 19-11511, 2019 WL 5191904, at * (E.D. Mich. Oct. 15, 2019) (rejecting the plaintiff's argument that the defendant could not rely on a dispute resolution policy signed by the plaintiff because it was not in his

personnel file, reasoning that the plaintiff did not show that it was "purposefully excluded" or that he did not have time to review it).

Here, Plaintiff was aware of the employment application, as she signed it, and Defendant attached the agreement to its motion to compel. Plaintiff offers nothing to suggest that Defendant intentionally withheld the document. In fact, GM's Executive Assistant Laurie Depillars and Operations Associate Alexis White attest that it was only on February 10, 2021—several months after this lawsuit was filed—that they learned about Plaintiff's request for a copy of her personnel file. (*See* Reply Ex. 2 ¶¶ 3, 4, ECF No. 7-3 at Pg ID 116; *Id.* Ex. 3 ¶¶ 3, 4, ECF No. 7-4 at Pg ID 119.) On that date, Depillars and White were told that Plaintiff sent them an email making the request and, after then searching their inboxes, Depillars and White found Plaintiff's email in their junk folders. (*Id.* Ex. 2 ¶¶ 4, 5, ECF No. 7-3 at Pg ID 116; *Id.* Ex. 3 ¶¶ 4, 5, ECF No. 7-4 at Pg ID 119.)

Moreover, Judge Lawson went on to opine in *Burke* that the Bullard-Plawicki Act would not bar the admission of documents in federal proceedings because "[t]he admission of evidence in hearings and trials is a matter of procedure . . . governed by the Federal Rules of Evidence" and federal procedural law applies even where a federal court is exercising diversity or supplemental jurisdiction. *Id.* (citations omitted); *see also id.* (quoting *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("[I]n state law matters, the Court is bound by the substantive law of the

forum state, but applies the procedural law of the federal courts."). For this reason alone, Plaintiff's argument for precluding Defendant from invoking the arbitration provision in her employment agreement fails.

Plaintiff also contends that the arbitration provision does not encompass her COBRA claim. Plaintiff argues that the language in her employment application encompassing "a dispute [that] arises concerning [her] employment with and/or termination from the Company" is too narrow to cover her COBRA claim. (Resp. Br. at 7, ECF No. 5 at Pg ID 90.) Plaintiff distinguishes this provision from those in which the parties agree to arbitrate "all disputes arising from the employment relationship." (*Id.* (emphasis removed and citing *Simon v. Pfizer, Inc.*, 398 F.3d 765 (6th Cir. 2005))). Plaintiff maintains that her "COBRA claim is not a dispute concerning her employment, or her termination." (*Id.*) Plaintiff also maintains that COBRA is not included in the "laundry list of covered claims[.]" (*Id*. at 8, Pg ID 91.)

As the Sixth Circuit explained in *Simon*, despite the "strong . . . federal policy favor[ing] arbitration, 'arbitration is a matter of contract between the parties, and one cannot be required to submit to arbitration a dispute which it has not agreed to submit to arbitration.'" 398 F.3d at 775 (quoting *United Steelworkers, Local No. 1617 v. Gen. Fireproofing Co.*, 464 F.2d 726, 729 (6th Cir. 1972)). In *Simon*, however, the arbitration provisions were "contained specifically in the

7

sections of the document concerning Constructive Termination and Actual Termination" and thus only disputes regarding those sections of the document were deemed arbitrable. *Simon*, 398 F.3d at 775-76. As neither section referred to ERISA or COBRA, the Sixth Circuit concluded that the Plaintiff's ERISA claims were not subject to arbitration, reasoning that "when an arbitration clause by its terms extends only to a specific type of dispute, then a court cannot require arbitration on claims that are not included." *Id.* at 775.

Here, while the arbitration provision did not use the language "all disputes" or "any dispute" it does not limit arbitration to any specific dispute. Instead, it expressly applies to disputes concerning Plaintiff's employment and/or termination and "*any* alleged wrongful acts on the part of the company[.]" While several statutory claims are listed among those subject to arbitration, the arbitration provision expressly states that the list is not exhaustive. (*See* Appl. ¶ 6, ECF No. 3-2 at Pg ID 29 (providing that arbitration is "the sole and exclusive method for resolving such disputes including . . . any statutory claim including, without limitation . . ."). While the Sixth Circuit has not addressed the arbitrability of COBRA claims, as the court acknowledged in *Simon*, "the majority of courts . . . have held that disputes arising under ERISA, including COBRA claims, are subject to arbitration under the FAA." *Simon*, 398 F.3d at 774 (citing cases).

Supreme Court precedent "establishe[s] that where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that 'an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage.'" *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–583 (1960)). The arbitration provision in Plaintiff's employment application covers disputes concerning her employment or termination. But for Plaintiff's employment *and* termination, she would not have a right to COBRA benefits. But even if there could be any doubt that the arbitration provision covers Plaintiff's COBRA claim, it certainly cannot "be said with positive assurance that the arbitration clause is not susceptive of an interpretation that covers the asserted dispute."

For these reasons, the Court concludes that all of Plaintiff's claims are subject to arbitration. "Given [this Court's] ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose." *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000).

Accordingly,

9

**IT IS ORDERED** that Defendant's Motion to Dismiss and to Compel Arbitration (ECF No. 3) is **GRANTED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: September 10, 2021